IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

───────────────────────────────────────────────────

MICHAEL MATTOX,                      )
                                     )
        Plaintiff,                   )
                                     )
VS.                                  )       No. 19-2155-MSN-dkv
                                     )
UNITED STATES OF AMERICA, INC.,      )
MEMPHIS HOUSING AUTHORITY;           )
                                     )
        Defendants.                  )

───────────────────────────────────────────────────

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
AND
REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

───────────────────────────────────────────────────

On March 6, 2019, the plaintiff, Michael Mattox, filed a *pro se* complaint against the "United States of America, Inc." ("United States") and the Memphis Housing Authority ("MHA") titled "Civil Lawsuit." (Compl., ECF No. 1.)  This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order. 2013-05, Apr. 29, 2013.)

Accompanying the complaint was a motion seeking leave to proceed *in forma pauperis*. (ECF No. 2.)  The information set forth in the affidavit in support of the motion for leave to proceed *in forma pauperis* satisfies Mattox's burden of demonstrating that he is unable to pay the civil filing fee.  Accordingly, the motion to proceed *in forma pauperis* is GRANTED.

For the reasons that follow, it is recommended that this case be dismissed *sua sponte* for failure to state a claim.

## I. PROPOSED FINDINGS OF FACT

Mattox's three-page, type-written *pro se* complaint contains very little factual information. He asserts that on February 20, 2019, the MHA delivered paperwork to Mattox and "demand[ed] [Mattox] re-fill out paperwork that [he] had already voluntarily fill[ed]-out to apply" to live in his apartment complex. (Compl. ¶ 1; ECF No. 1.) Mattox also claims that "nowhere in the lease did [MHA and Mattox] agree that [Mattox] would re-fill this application over and over throughout [his] stay at the [] apartments." (*Id.*) Further, Mattox contends that the MHA has wrongfully threatened to terminate his lease if he does not complete the paperwork. (*Id.*) Finally, Mattox claims in conclusory fashion that the MHA's actions constitute the following constitutional violations:

1. 1st constitutional amendment freedom of speech; freedom not to speak; & right to peaceful assemble;
2. second violation of [his] 5th & 14th constitutional amendment due process;
3. 5th constitutional amendment – due process;
4. 3rd violation of [his] 8th constitutional amendment cruel & unusual punishment;
5. 4th violation of [his] 13th constitutional amendment; slavery.

(*Id.* at ¶¶ 1-5.)

Mattox seeks compensatory damages in the amount of five zillion dollars: one zillion dollars for each constitutional violation he alleges. (*Id.* at ¶¶ 8-12.) Additionally, Mattox seeks injunctive

relief in the form of a court order requiring MHA to "stop asking [him] to re-fill out applications" and "have the [MHA] pay [Mattox] rent" so Mattox can "stay at the . . . apartments free of charge for the rest of [his] living life." (*Id.* at ¶¶ 6-7.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   28 U.S.C. § 1915(e)(2)(B) Screening

Pursuant to Local Rule 4.1(b)(2), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening of Mattox's complaint.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

(i)    is frivolous or malicious;

(ii)   fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

### B.   Standard of Review for Failure to State a Claim

In assessing whether Mattox's complaint states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*,

556 U.S. 662, 678-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To survive Rule 12(b)(6) following *Iqbal* and *Twombly*, a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to the plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Further, the courts are not required to act as counsel for a *pro se* litigant; nor are they

required to sort through the pleadings to create a claim on behalf of the plaintiff. *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("[D]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading."(internal quotation marks omitted)). Requiring the court "to ferret out the strongest cause of action on behalf of *pro se* litigants . . . would transform the courts from neutral arbiters of disputes into advocates for a particular party." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). "While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue." *Id.*

C.  Mattox's Constitutional Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must plead that he or she suffered (1) a deprivation of rights secured by the Constitution or federal statutes that is (2) committed by a person acting under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). The court will therefore treat Mattox's "Civil Lawsuit" as a complaint against the United States and MHA pursuant to § 1983 for violations of the Fifth, Eighth, Thirteenth, and Fourteenth Amendments.

1.  *Mattox's Claims Against the MHA*

The MHA is a governmental agency created under Tennessee law[1] and is funded through the U.S. Department of Housing and Urban Development (HUD) to provide permanent housing for low-income and moderate-income families.[2] The MHA is subject to suit under 42 U.S.C. § 1983 as a local government entity.

A governmental entity is liable under § 1983 if an "officially executed policy, or the toleration of a custom within [it] leads to, causes, or results in the deprivation of a constitutionally protected right." *Doe v. Claiborne Cty., Tenn. By & Through Claiborne Cty. Bd. of Educ.*, 103 F.3d 495, 507 (6th Cir. 1996)(citing *Monell v. Dep't of Soc. Servs. of New York,* 436 U.S. 658, 690-91 (1978)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994)(quoting *Polk Co. v. Dodson*, 454 U.S. 312, 326 (1981)(citation omitted)). Accordingly, for

---

[1] The Memphis Housing Authority was created pursuant to Tenn. Code Ann. § 29-20-401, et seq. Tenn. Op. Att'y Gen. No. 00-150, 2000 WL 1597410, at *1 (Oct. 27, 2000). The Memphis Housing Authority is an "agency or instrumentality of the city" and is considered a local government agency. *Id.* at * 2 (quoting *Knoxville Housing Authority, Inc. v. City of Knoxville*, 123 S.W.2d 1085, 1088 (Tenn. 1939)).

[2] *See* Memphis Housing Authority, *About MHA – Frequently Asked Questions*, https://memphisha.org/index.php/faq#services (last visited August 21, 2019).

Mattox "to demonstrate municipal liability, he must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).

Mattox alleges that the MHA's policy of requiring Mattox to annually complete paperwork reestablish his eligibility for Section 8 housing violates his constitutional rights under the Fifth, Eighth, Thirteenth, and Fourteenth Amendments, but fails to provide any further specificity regarding how this policy caused him constitutional harm. By way of background, in 1974, Congress amended the United States Housing Act of 1937 ("USHA") to create what is known as the Section 8 Housing Program. *Gladney v. Sureluck Homes LLC*, No. 1:13-CV-462, 2013 WL 2182797, at *2 (W.D. Mich. May 20, 2013)(citing 42 U.S.C. § 1437f, *et seq.*). Section 8 was created for the purpose of "aiding low-income families in obtaining a decent place to live and of promoting economically mixed housing." *Id.* (quoting 42 U.S.C. § 1437f(a)). "Section 8 provides federally subsidized housing to millions of low-income families and individuals through a range of rental assistance programs, both

tenant—and project-based." *Id.*[3] "Under all types of Section 8 programs, tenants make rental payments based upon their income and ability to pay, and [the Department of Housing and Urban Development ("HUD")] then provides, under various delivery mechanisms, 'assistance payments' to private landlords to make up the difference between the tenant's contribution and the agreed-upon 'contract rent.'" *Id.* (citations omitted). Section 8 programs are administered by State or local governments called public housing agencies, such as the Memphis Housing Authority. *Id.* at *3; *Cuyahoga Metro. Auth. v. K & D Grp., Inc.*, 618 F. App'x 842, 844 (6th Cir. 2015)(citations omitted)(quoting 24 C.F.R. § 982.1(a)). This paperwork policy Mattox opposes is the MHA's means of determining who is eligible to receive HUD funds.

Section 1983 provides a remedy for a violation of a person's rights under the Constitution or federal laws; it is not a source of substantive rights. *Johnson v. City of Detroit*, 446 F.3d 614, 618–22 (6th Cir. 2006). Thus, a plaintiff must allege a specific rights violation to successfully state a claim under § 1983. *Id.*

_____

[3] Under the tenant-based program, the public housing authority issues an eligible family a voucher and the family selects a unit of its choice. Under the project-based program, a public housing authority enters into an assistance contract with the owner for specific units and for a specified term and refers families from to waiting list to the project owner to fill vacancies. *See* HUD.GOV, Project                          Based                          Vouchers, https://portal.hud.gov/hudportal/documents/huddoc?id=DOC_9157.pdf .

"When no constitutional harm has been inflicted upon a victim, damages may not be awarded against a municipality." *Epps v. Lauderdale Cty., Tennessee*, 45 F. App'x 332, 334 (6th Cir. 2002); *see also Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 777 (6th Cir. 2012)("A plaintiff's failure to demonstrate constitutional harm defeats municipal liability."). In his complaint, Mattox contends that MHA's requirement that Mattox annually recertify his application paperwork in order to retain Section 8 assistance violates his constitutional rights because he "[n]o where in the lease did [they] agree that [Mattox] would re-fill this application." (Compl. ¶ 1, ECF No. 1.) The complaint does not, however, include any factual allegations showing that the MHA's application policy has caused Mattox to suffer any constitutional harm. "[T]he injury suffered need not be great because there is no justification for harassing people for exercise of their constitutional rights; but [] a constitutional tort — like any tort — requires injury, and allowing constitutional redress for every minor harassment may serve to trivialize the First Amendment." *Mattox v. City of Forest Park*, 183 F.3d 515, 521 (6th Cir. 1999). To that end, the minor inconvenience of completing paperwork once a year to establish one's eligibility for a Section 8 program does not constitute a constitutional injury.

Accordingly, because Mattox fails to demonstrate that he has suffered any constitutional harm, it is recommended his claims against the MHA be dismissed.

2. *Mattox's Claims Against the United States*

Additionally, Mattox brings this suit against the United States. Mattox's complaint regards his access to Section 8 program funding from the MHA, which is funded through HUD. For purposes of analysis, the court will therefore treat Mattox's claims against the United States as claims against HUD.

HUD is a federal agency. As such, HUD and its employees act under color of federal law, not state law, and thus are not suable under Section 1983. *See D.C. v. Carter*, 409 U.S. 418, 424–25 (1973)(stating that Section 1983 does not reach "actions of the Federal Government and its officers"); *Habtemariam v. Adrian*, No. 98-3112, 1999 WL 455326, at *2 (6th Cir. June 23, 1999)(finding that a § 1983 claim against HUD could not survive motion to dismiss because "HUD is a federal agency, and not a person acting under color of state law"); *Williams v. City of Memphis*, No. 14-2767-JDT-tmp, 2015 WL 808456, at *6 (W.D. Tenn. Feb. 25, 2015)(citing *Smith v. Breen*, No. 09-2770-STA-tmp, 2010 WL 2557447, at *7 n.14 (W.D. Tenn. June 21, 2010))("[F]ederal agencies and employees act under color of federal law and, therefore, are not subject to suit under § 1983."). Consequently, the complaint fails to establish a cognizable § 1983 claim against HUD and it is recommended that

Mattox's claims against the United States be dismissed for failure to state a claim upon which relief may be granted.

## III. RECOMMENDATION

For the foregoing reasons, the court recommends that Mattox's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted and § 1915(e)(2)(B)(iii) for seeking monetary relief from a defendant who is immune from such relief.

Respectfully submitted this 26th day of August, 2019.

_s/ Diane K. Vescovo_____
DIANE K. VESCOVO
Chief United States Magistrate Judge

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.