IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MICHAEL K. MATTOX,

    Plaintiff,

v.

                                                Case No. 2:19-cv-2155-MSN-dkv

UNITED STATES OF AMERICA, INC.,
MEMPHIS HOUSING AUTHORITY,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION
## FOR *SUA SPONTE* DISMISSAL

Before the Court is the Chief Magistrate Judge's Report and Recommendation for *Sua Sponte* Dismissal submitted August 26, 2019 ("Report"). (ECF No. 6.) The Report recommends that Plaintiff Michael K. Mattox's *pro se* complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted and § 1915(e)(2)(iii) for seeking monetary relief from a defendant who is immune from such relief. *Id.*

## LEGAL STANDARD

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or

recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

## DISCUSSION

The deadline to object to the Report has passed, and Plaintiff has filed no objections. 28 U.S.C. § 636(b)(1)(C). The Court has reviewed the Report for clear error and finds none. For the foregoing reasons, the Court **ADOPTS** the Report and **DISMISSES** with prejudice Plaintiff's complaint.

Title 28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that an appeal would not be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* The same considerations that lead this Court to dismiss Plaintiff's complaint *sua sponte* also compel this Court to conclude that an appeal by Plaintiff would not be taken in good faith.

It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal by Plaintiff in this matter would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

**IT IS SO ORDERED**, this 17th day of September, 2019.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE